UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
DMKA LLC,

                        Plaintiff,

           - against -

CHANDLER W T LLC, *et al.*,

                     Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

23-cv-3296 (BMC)

**COGAN**, District Judge.

    This case, originally commenced in state court, is before me on plaintiff's motion for a default judgment. It involves a receivables financing contract whereby plaintiff advanced $70,000 to defendants as merchants or guarantors in exchange for the deposit of defendants' receivables into a lockbox account for plaintiff's benefit. Under the terms of the agreement, defendants should have continued to pay into the lockbox over a set time period until payments reached $100,000, but they didn't. They only paid a total of $2490 before they defaulted, leaving a balance due of $97,510 plus default fees of $5000.

    Defendants were originally represented by counsel who effected the removal of the case to this Court. But when defendants terminated their counsel because of an inability to pay them, the Court granted counsel's motion to withdraw. It also advised defendants that since all but one of them are business entities, those entities would have to appear by new counsel, see Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993), and if they did not, their answer (filed by prior counsel) would be stricken and the case would proceed to default judgment. When defendants failed to appear by new counsel and they and the

individual defendant repeatedly failed to respond to outstanding discovery demands, the Court struck their answer and the Clerk entered their default.

Presuming the factual allegations of the complaint and the affidavit in support of the motion for a default judgment to be true as to liability, see Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 159 (2d Cir. 1992), plaintiff has easily satisfied the requirements for obtaining a default judgment. Plaintiff has annexed the contract, the guarantee, and an affidavit confirming the default.

As to damages, the amount is liquidated so no hearing is required. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997). Plaintiff has submitted an attested chart showing the payment history (mostly the non-payment history) to the account and proving the amount claimed.

Finally, plaintiff seeks attorneys' fees as allowed under the contract. Two law firms have been involved, one prior to removal and one after, but it appears that plaintiff is only seeking recovery for post-removal work. The attorneys' fees are not adequately documented. Time entries have been provided, and they are adequate, but the hourly rates for one attorney of $275/hour and two attorneys at $325/hour have not been supported by a description of the attorneys' experience.

Nevertheless, I will allow the attorneys' fees. The hourly rate of $275 is not unreasonable for an attorney of any experience considering the good quality of the work, and the attorneys with the hourly rate of $325 per hour put in very little time. More importantly, the total fee claimed of $6,142.50, which is arrived at by adding up the fee invoices sent to plaintiff, is not unreasonable given the nature of this case and the fact that it is not just for the default motion – the case was actively litigated until defendants fired their counsel.

Accordingly, the motion for a default judgment is granted.  The Clerk is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $102,510 plus $6142.50 in attorneys' fees for a total of $108,652.50.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       February 1, 2024